# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Anthony J Cilwa,<br><br>Debtor(s). | C/A No. 15-00263-HB<br><br>Chapter 7<br><br>**ORDER ON APPLICATION FOR SETTLEMENT AND COMPROMISE OF PROOF OF CLAIM NO. 1 AND DIRECTING ANTHONY J. CILWA TO FILE A STATEMENT OF DISPUTE IN SUPPORT OF HIS OBJECTION TO CLAIM** |

**THIS MATTER** came before the Court for hearing on November 10, 2015, on the Notice and Application for Settlement and Compromise of Proof of Claim No. 1 ("Application") filed by John K. Fort, Chapter 7 Trustee, seeking Court approval of an agreement reached between the Chapter 7 Trustee and Bruce Kriegman, solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC ("Kriegman").[1] Debtor Anthony J. Cilwa, through his counsel Robert H. Cooper, filed an Objection to the Application[2] ("Objection") and Kriegman filed a response to Cilwa's Objection including supporting documentation.[3]

Present at the hearing were Cooper, James H. Cassidy, counsel for the Chapter 7 Trustee, and Mark S. Sharpe, counsel for Kriegman. Cilwa was not present at the hearing. The Court enters the following findings of fact and conclusions of law pursuant to Fed. R.

---

[1] ECF No. 139, filed Oct. 5, 2015.
[2] ECF No. 147, filed Oct. 26, 2015.
[3] ECF Nos. 153-156, filed Nov. 3, 2015.

Civ. P. 52(a)(1), made applicable to this contested matter pursuant to Fed. R. Bankr. P. 7052 and 9014.

## FINDINGS OF FACT

Kriegman's pleadings, Cilwa's bankruptcy filings, and the documents filed by Kriegman in support of the Application include ample information about the history of the relationship between Cilwa and Kriegman and the basis for Kriegman's proof of claim in this case. Most of the foregoing facts are found in filings from other courts and Cilwa has not disputed the existence or authenticity of those filings. From the record, the Court gleans the following relevant information and finds as follows:

1.  In 2009, a Chapter 11 bankruptcy was initiated in Washington State. As a result of the confirmed plan filed therein, Kriegman was appointed as the Chapter 11 Trustee on April 21, 2011. The bankruptcy case was captioned *In re LLS America, LLC*, C/A No. 09-06194-PCW11 (Bankr. E.D. Wash.) (the "LLS Bankruptcy").

2.  Upon his appointment, Kriegman began investigating and analyzing the operations and financial affairs of the debtors therein (collectively and as substantively consolidated, the "LLS Companies"). Kriegman initiated fraudulent transfer actions against numerous investors in the LLS Companies, alleging the investments were actually a Ponzi scheme.[4]

---

[4] In the LLS Bankruptcy, the Washington Bankruptcy Court provided a detailed explanation of what constitutes a "Ponzi scheme"
> The term Ponzi scheme derives from the Supreme Court's description of "the remarkable criminal financial career of Charles Ponzi" in *Cunningham v. Brown*, 265 U.S. 1, 7, 44 S. Ct. 424, 68 L. Ed. 873 (1924) . . . The phrase is applied to any fraudulent arrangement whereby earlier investors are repaid from the contributions of later investors.
> Ponzi schemes have a distinct pattern of repaying earlier investors from funds contributed from later investors.
> . . . .
> A Ponzi scheme is a financial fraud as it induces investment by creating an appearance of distribution to new investors of profits from a successful business venture.

2

3. Cilwa and his late wife Victoria Cilwa (collectively, the "Cilwas"), and many others claimed they were owed unsecured debts represented by promissory notes issued by the LLS Companies (the "Lenders"). The Cilwas filed a proof of claim in the LLS Bankruptcy, attaching certain promissory notes issued to them from the LLS Companies. Copies of the promissory notes attached to the proof of claim indicated the Cilwas were promised a return of 40% to 60% interest.

4. On July 16, 2011, Kriegman filed an adversary proceeding in the Washington Bankruptcy Court against the Cilwas seeking to recover as fraudulent the amount they received in transfers from the LLS Companies (the "Adversary Proceeding").[5] The complaint alleges the LLS Companies solicited and received significant sums of money from hundreds of Lenders in exchange for promissory notes to invest in a payday loan business. However, the vast majority of money paid back to the Lenders, including the Cilwas, came from subsequent Lenders and not from the operations or profits of the LLS Companies.

5. During the course of the Adversary Proceeding, the Cilwas asserted a counterclaim against the liquidating trust for $1,000,000, but no specific cause of action or details were alleged.

6. Cilwa actively participated *pro se* in the Adversary Proceeding in both the Washington Bankruptcy Court and, after the reference was withdrawn upon Cilwa's

---

The distributions to earlier investors create an illusion that a legitimate profitable business exists, thus inducing further new investments by later investors. "Distributing funds to earlier investors from the receipt of monies from later investors is the hallmark of Ponzi schemes." *Hayes v. Palm Seedlings Partners-A (In re Agric. Research & Tech. Grp., Inc.)*, 916 F.2d 528, 536 (9th Cir. 1990).

*Kriegman v. Bigelow, et al.*, Adv. Pro. No. 11-80299, ECF No. 378 (Bankr. E.D. Wash. July 1, 2013).

[5] *Kriegman v. Cilwa*, Adv. Pro. No. 11-80161 (Bankr. E.D. Wash.).

3

motion, the Washington District Court. His participation included serving written discovery requests to which Kriegman responded.

7.  On November 30, 2012, the Washington Bankruptcy Court entered an *Order Granting Motion for Consolidation for Hearing and Case Scheduling Order*, which consolidated the Adversary Proceeding with dozens of other similar lawsuits initiated by Kriegman against various Lenders strictly for purposes of considering summary judgment as to the following common issues: (i) whether the LLS Companies engaged in a Ponzi scheme; and (ii) when the LLS Companies became insolvent.

8.  The Washington Bankruptcy Court issued a report and recommendation finding as a matter of law that the LLS Companies engaged in a Ponzi scheme and the LLS Companies were insolvent from their inception in 1997 to the 2009 bankruptcy.[6] The Washington District Court adopted the report and recommendation.[7]

9.  The Washington District Court also determined as a matter of law that, pursuant to 11 U.S.C. § 544(b)[8] and the Washington Uniform Fraudulent Transfer Act, Kriegman was allowed to avoid and recover from Cilwa any fraudulent transfers that occurred over four years prior to the LLS Bankruptcy petition date.[9]

10. A trial of the Adversary Proceeding involving Cilwa was scheduled to begin on January 20, 2015.

11. Cilwa, through counsel, filed a voluntary petition for Chapter 7 bankruptcy relief on January 18, 2015. At that time, Cilwa was represented in the bankruptcy case by attorney Adrianne Turner.

---

[6] *Kriegman v. Bigelow, et al.*, Adv. Proc. No. 11-80299, ECF No. 378 (Bankr. E.D. Wash. July 1, 2013).
[7] *Kriegman v. Hanes*, C/A No. 11-cv-00357, ECF. No. 92 (E.D. Wash. Aug. 19, 2013).
[8] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.
[9] *Kriegman v. Cilwa*, Case No. 12-cv-00340-RMP, ECF No. 66 (E.D. Wash. Nov. 19, 2013).

12. Cilwa's Schedule F lists Kriegman as a creditor with a disputed claim in the amount of $296,000, arising from a pending lawsuit.[10]

13. When the Adversary Proceeding was called for trial in the Washington District Court, the Court's records indicate that Cilwa participated in a limited capacity by representing to the court that "he is not seeking to prosecute his counterclaim or have the stay put aside; he is just listening in [to the trial]." It was also noted by the Washington District Court that Cilwa "understands telephone testimony is not allowed and he is on the line only as an observer."[11]

14. On May 28, 2015, Kriegman filed Amended Proof of Claim No. 1 in Cilwa's bankruptcy case pending in this Court, asserting an unsecured claim against Cilwa in the amount of $376,781.02 (the "Claim"). Attached thereto is a summary of the basis for the Claim, stating the Cilwas made an initial investment of $92,939.00 in the LLS Companies and received $376,781.02 in fraudulent transfers from the LLS Companies as a part of the Ponzi scheme. The Claim also attaches a copy of the complaint filed by Kriegman in the Adversary Proceeding.

15. Kriegman's Claim is the only proof of claim filed in this bankruptcy case.

16. After a dispute arose between Cilwa and Ms. Turner, the Court entered an order on June 23, 2015, approving Ms. Turner's request to withdraw as counsel with Cilwa's consent.

17. On July 16, 2015, the United States Trustee ("UST") filed an adversary proceeding against Cilwa in this Court, requesting denial of Cilwa's discharge.[12] The

---

[10] ECF No. 1, filed Jan. 18, 2015.
[11] *See Civil Mins. of Jan. 20, 2015 Bench Trial – Day 1* (ECF No. 154, Ex. M).
[12] *Robbins v. Cilwa*, Adv. Pro. No. 15-80148-hb.

5

complaint alleges Cilwa failed to disclose certain assets, income, and transfers on his Schedules and Statements and provided false or misleading testimony during the first meeting of the creditors and an examination pursuant to Fed. R. Bankr. P. 2004. The complaint also alleges Cilwa sold, purchased, and transferred property post-petition without obtaining the requisite permission in an effort to defraud creditors.

18. On July 20, 2015, Cooper filed a notice of appearance in the case indicating representation of Cilwa.

19. Cooper filed an answer to the UST's complaint on August 15, 2015.

20. Since July 20, 2015, Cooper has appeared in Court on Cilwa's behalf. Cilwa's last appearance at a hearing before the Court was in June 2015. Since that time, he has not been present to support his motions or to defend against the actions of others at various hearings.[13]

21. On September 17, 2015, Cilwa filed a voluntary written waiver of discharge. After the hearing on October 27, 2015, the Court entered an order approving Cilwa's waiver of discharge pursuant to § 727(a)(10) and the UST voluntarily dismissed the adversary proceeding against Cilwa objecting to his discharge because it was no longer necessary.

22. The Chapter 7 Trustee filed the Application on October 5, 2015, proposing to allow Kriegman's Claim as filed in the amount of $376,781.02. The benefit to the estate set forth in the Application is that:

---

[13] Cilwa was not present for hearings on the following matters: (1) Kriegman's *Obj. to Debtor's Claims of Exemptions* (ECF Nos. 48 & 84) and Cilwa's *Obj. to Creditor Filing* (ECF Nos. 62 & 85), held on July 7, 2015; (2) Cilwa's *Mot. to Convert Case from Ch. 7 to Ch. 13* (ECF No. 77), held on July 21, 2015; (3) Cilwa's *Mot. to Have 2004 Examination Stricken from the Record* (ECF Nos. 96 & 113), held on August 3, 2015; (4) Cilwa's *Waiver of Discharge* (ECF Nos. 132 & 149), held on October 27, 2015; and (5) Chapter 7 Trustee's *Notice and Appl. for Settlement and Compromise of Proof of Claim No. 1* (ECF Nos. 139 & 164), held on November 10, 2015.

[t]he Trustee has reviewed evidence in support of the Claim and has concluded that the Claim is valid and should be allowed in the amount of $376,781.02. In order to bring finality as to the Claim for purposes of providing clarity as to the administration of the estate, the Trustee brings this application.

23.    The Chapter 7 Trustee's Memorandum in Support of the Application asserts that the estate does not hold a viable counterclaim against Kriegman or defense to Kriegman's Claim and includes his legal analysis for these positions.

24.    Kriegman's Claim as filed constitutes *prima facie* evidence of the validity and amount of that claim pursuant to Fed. R. Bankr. P. 3001(f).

25.    On the same day Cilwa filed his Objection to the Application, he also filed an Objection to Claim of Bruce Kriegman ("Claim Objection"), challenging the validity of the claim.[14]  Cilwa's Claim Objection was self-scheduled by Cilwa for hearing on December 8, 2015.[15]

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION AND CONCLUSIONS OF LAW

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "The primary purpose of a compromise settlement is to avoid the necessity of determining sharply contested and dubious issues." *In re Cal.*

---

[14] ECF No. 148, filed Oct. 26, 2015.
[15] SC LBR 9013-4(a)(1)(A) & Ex. A (providing claim objections are to be self-scheduled and noticed passively).

*Assoc. Prods. Co.*, 183 F.2d 946, 949-50 (9th Cir. 1950); *see also In re Lovel Bldg. Co.*, 116 F. Supp. 383, 385 (D.N.J. 1953) ("The obvious purpose of the rules requiring notice to creditors and an application by the trustee to the court when there is a proposed compromise, is to afford an opportunity for all objecting creditors to prepare and present their views to the court."). The Chapter 7 Trustee, as the proponent of the proposed settlement, has the burden of showing that the settlement terms are in the best interest of the estate. *In re Hallet*, 33 B.R. 564, 565-66 (Bankr. D. Me. 1983).

> When asked to approve a settlement, the Court must consider the following factors:
> (a) the probabilities of success in litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views.

*In re Derivium Capital, LLC*, 380 B.R. 392, 405 (Bankr. D.S.C. 2007) (citations omitted). "A court may approve a settlement over objections unless the proposed settlement falls below the lowest point in the range of reasonableness. The essential inquiry that the Court must make in this case is to determine whether the settlement agreement is 'fair and equitable' and in the best interests of the estate." *Id.* (citations omitted).

The Chapter 7 Trustee has not established that the Application should be approved under Fed. R. Bankr. P. 9019 because he did not demonstrate that the agreement noticed represents a settlement. There is no concession or compromise on behalf of Kriegman to the estate. Rather, the Application merely puts parties in interest on notice that the Chapter 7 Trustee will not object to the Claim in question or pursue any counterclaim, and that he intends to allow the Claim and pursue assets for payment thereof. As a result, no settlement pursuant to Fed. R. Bankr. P. 9019 is properly before the Court and the standards for

8

approval thereof are inapplicable. The Court, therefore, has no legal structure to evaluate the Chapter 7 Trustee's proposed action or inaction and the Application, couched as a settlement, cannot be approved.

Although this analysis is consistent with a portion of Cilwa's Objection, it should in no way be viewed by Cilwa as a victory resulting from his efforts. Cilwa failed to properly support his Objection to the Application. Although Cooper appeared at the hearing to speak on behalf of his client's interests, Cilwa did not appear and no evidence was presented to support Cilwa's Objection on the grounds that Kriegman's Claim should be opposed. Despite the lack of success at this hearing, the Chapter 7 Trustee's Application did advance the bankruptcy case in that it motivated Cilwa to file his Claim Objection, which contests the validity and amount of Kriegman's $376,781.02 Claim. That matter is currently scheduled for hearing on December 8, 2015.

The filing of a proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). "Once an objection is raised, the objector bears the burden of going forward to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Lewis*, 363 B.R. 477, 481 (Bankr. D.S.C. 2007) (citing *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). A bald assertion that a claim is not valid or is an incorrect amount is insufficient to meet this burden. *In re Protected Vehicles, Inc.*, C/A No. 08-00783-dd, slip op. at 4 (Bankr. D.S.C. Jan. 29, 2009) ("This bald assertion, especially in the face of the documentation attached to the proofs of claim, is insufficient to rebut the presumptive validity of the claims. In fact some courts have gone so far as to hold that, '[o]bjections without substance are inadequate to disallow

9

claims, even if those claims lack the documentation required by Rule 3001(c).'" (quoting *In re Campbell*, 336 B.R. 430, 433 (B.A.P. 9th Cir. 2005))).

> Because a proof of claim that meets the minimum requirements of Bankruptcy Rule 3001 and the instructions for the official form enjoys a presumption of validity as to liability and amount, ***an objecting party must produce probative evidence of equal weight in order to shift the burden of production of evidence back to the creditor***. Such evidence might consist of a recital from an officer, employee or financial professional for the debtor asserting a specific defense to liability, countervailing accounting summaries reflecting payments or other credits not acknowledged by the creditor, and similar evidence. ***Certainly, at minimum, more than mere recital of the ultimate fact, notice of disagreement or the restatement of some conclusion of law is required.*** Moreover, the objecting party must allege some statutory basis for disallowance or reduction of the claim that finds its basis in § 502(b)

*Id.* at 4-5 (emphasis added) (footnote omitted); *see also In re Patton*, 388 B.R. 629, 633 (Bankr. E.D. Pa. 2008) ("Debtor as the objecting party carries the burden of going forward with evidence in support of its objection which must be of probative force equal to that of the allegations of the creditor's proof of claim. The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (quotation marks and citations omitted)); *In re Garner*, 246 B.R. 617, 622-23 (B.A.P. 9th Cir. 2000) ("The proof of claim is more than 'some' evidence; it is, unless rebutted, 'prima facie' evidence. One rebuts evidence with counter-evidence . . . The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more. In effect, one who chooses to make a mere formal objection is electing to narrow the issue to whether the proof of claim is executed and filed in accordance with the rules." (citation omitted)).

Kriegman has amply communicated in its Claim and on the Court's docket the evidence available to support allowance of the Claim and to provide Cilwa adequate

information to properly prepare for any hearing on the issue.[16] In contrast, given the complexity of this matter, Cilwa's Claim Objection is deficient in fact and legal theory. Cilwa's Claim Objection states:

> **Claim Lacks Validity and Should Be Challenged**
>
> "The dispute concerns the merits of Proof of Claim No. 1 in *In re LLS America, LLC*, Case No. 09-06194 (Bankr. E.D. Washington)." The amount at issue is $376,781.02. In his attachment to the proof of claim, the creditor states as follows: "Basis for Claim." The legal and factual basis for the claim may be summarized as follows" and then proceeds through one and one-half pages to address the allegations set forth as the basis of his claim. The debtor's objection relates to the fact that the entire claim is based solely on allegations set forth in an adversarial complaint in the above-stated bankruptcy case for which the creditor is the appointed trustee. The adversarial case number is 09-80161, and maintains a number of allegations not yet proven via a hearing or trial. In the one and one-half page summary addressed above, the creditor sets forth a number of allegations against the debtor in bankruptcy case number 09-06194 in Washington State. However, most of those allegations accuse the Washington state debtor of committing a "ponzi" scheme. He then accuses the debtor in the instant case, Anthony J. Cilwa and his now deceased non-filing spouse of taking part in that ponzi scheme. The debtor has denied these allegations consistently over a number of years, and no Court of competent jurisdiction has held a full hearing on the matters at hand. Attached to this objection to the creditor's proof of claim is the one and one-half page summary attached to the creditor's claim.

The foregoing does not provide any supporting facts or law to call into question the validity or amount of the Claim.

Therefore, the Court hereby puts Cilwa on notice that the hearing in this Court concerning the validity of the Claim of Kriegman, and any objection thereto, shall be held on December 8, 2015, as previously self-scheduled and noticed by Cilwa's counsel, **only** on certain terms and conditions set forth below.

**IT IS HEREBY, ORDERED THAT:**

1. the Notice and Application for Settlement and Compromise of Proof of Claim No. 1 is denied;

---

[16] *See Resp. to Obj. Filed by Debtor* (ECF No. 153); *Aff. of Bruce P. Kriegman, as Liquidating Trustee, in Support of Proof of Claim No. 1* and exhibits attached thereto (ECF Nos. 154 & 156); *Aff. of Shelley Ripley* and exhibits attached thereto (ECF No. 155).

2. Cilwa **shall** file a Statement of Dispute in the form attached hereto, on or before **noon on November 30, 2015**, in support of his Objection to Claim of Bruce Kriegman. Failure to fully complete the Statement of Dispute in good faith and to timely file it shall result in an order from the Court overruling the Claim Objection and allowing the Claim as filed; and

3. if the Statement of Dispute is timely and properly filed, the Court will hold a hearing on the Objection to Claim of Bruce Kriegman on December 8, 2015, at 9:30 a.m. at the Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, South Carolina 29306-2355.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/18/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 11/18/2015

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 15-00263-HB |
| Anthony J Cilwa, | Chapter 7 |
| | **STATEMENT OF DISPUTE** |
| Debtor(s). | |

The undersigned hereby certifies that after consultation and good faith efforts, the hearing on the Objection to Claim of Bruce Kriegman, scheduled for December 8, 2015, at 9:30 a.m., cannot be settled and remains contested so as to require the presentation of evidence and/or argument before the Court for determination. The following information is presented by the objecting party, Anthony J. Cilwa ("Cilwa"), to assist the Court in preparation for the hearing and pursuant to the Order entered on November 18, 2015. The Order directed Cilwa to provide the following:

1. A list of exhibits to be introduced by Cilwa at the hearing, in the sequence proposed to be introduced. The original and two copies of all paper exhibits will be submitted to the Courtroom Deputy, but not filed with the Court, no later than **December 1, 2015, at 3:00 p.m.**

2. A list of witnesses to be introduced by Cilwa who will be present at the hearing. Inclusion of a witness in this list may be relied on by the opposing party unless notice to the contrary is given by Cilwa to the opposing party in sufficient time to allow the opposing party to subpoena the witness or obtain the testimony of the witness. The aforementioned list does not need to include witnesses to be used for impeachment purposes only.

3. A list of any witnesses whose testimony Cilwa intends to offer by deposition testimony, with references made to relevant pages and lines. Inclusion of a witness on this list does not affect the opposing party's right to object to its presentation.

4. A list of the specific issues to be determined by the Court.

5. A list of any findings of fact to which Cilwa objects found within numbered paragraphs 1 – 25 of the Order entered on November 18, 2015. Unless Cilwa raises an objection, the opposing party may rely on the findings of facts found within the Order and no further proof will be required.

6. A list of any additional facts that are admitted to by Cilwa and require no proof thereof.

7. A list of the facts in support of the Objection to Claim that remain to be litigated.

8. A list of the applicable Federal Rules of Bankruptcy Procedure, applicable provisions of the United States Bankruptcy Code, applicable provisions of state law, and/or applicable case law, if any, on which Cilwa relies to support the Objection to Claim. The presentation of authority may be made in the form of a Trial Brief that complies with the requirements of this paragraph and is filed with this Statement of Dispute.