**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Anthony J Cilwa,<br><br>Debtor(s). | C/A No. 15-00263-HB<br><br>Chapter 7<br><br>**ORDER DENYING MOTION FILED BY ANTHONY J. CILWA ON FEBRUARY 23, 2016** |

**THIS MATTER** comes before the Court on Debtor Anthony J. Cilwa's Motion,[1] filed *pro se*[2] on February 23, 2016. For the reasons set forth below, the relief requested in the Motion is denied.

## FACTS

The Motion addresses Cilwa's desire for the Court to reconsider the allowance of the claim filed by Bruce P. Kriegman, solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC ("Kriegman"),[3] asserting an unsecured claim in the amount of $376,781.02 (the "Claim").[4]

Cilwa, *pro se*, filed his first objection to the Claim on June 15, 2015.[5] This objection only stated, "[Kriegman], as trustee for LLS America, is not a creditor. I do not owe any money nor

---

[1] The Motion is titled "*Motion and explanation to the Court, in order to (a) vacate the current 'default' for failing to object to the proof of claim, on a timely basis, (b) extend the filing deadline to object.*" (ECF No. 182).

[2] Robert H. Cooper filed a Motion to Withdraw as Counsel for Anthony J. Cilwa, which was granted on March 1, 2016. (ECF No. 184). Cilwa's Motion states that he terminated his counsel's services prior to the filing of the instant Motion.

[3] LLS America filed a Chapter 11 bankruptcy case in 2009 in Washington State. *In re LLS America, LLC*, C/A No. 09-06194-PCW11 (Bankr. E.D. Wash.). Under LLS America's confirmed plan, Kriegman was appointed as the Chapter 11 Trustee on April 21, 2011.

[4] Kriegman is the only creditor that filed a claim in this case. For a detailed history of the relationship and proceedings between Cilwa and Kriegman, *see Order on Application for Settlement and Compromise of Proof of Claim No. 1 and Directing Anthony J. Cilwa to File a Statement of Dispute in Support of His Objection to Claim*. (ECF No. 173, entered Nov. 18, 2015).

[5] ECF No. 62.

have I ever owed any money or property, to this person/lawyer/entity or to LLS America whom he represents and who owes me money." A hearing on this objection was scheduled for July 7, 2015, and notice of the hearing date and time was properly given to Cilwa by U.S. Mail. Cilwa was also reminded of the hearing in-person on June 23, 2015, while attending hearings before the Court on other matters. Despite the foregoing, Cilwa failed to appear at the July 7, 2015 hearing. As a result, the Court overruled Cilwa's first objection to the Claim for lack of prosecution.[6] Thereafter, on July 20, 2015, Robert H. Cooper filed a notice of appearance in this case indicating representation of Cilwa.

On October 5, 2015, John K. Fort, Chapter 7 Trustee, filed a Notice and Application for Settlement and Compromise indicating Fort and Kriegman reached a settlement to allow the Claim as filed.[7] In that Application, Fort represented:

> [Cilwa] disputes any liability on account of the Claim. The Trustee has reviewed evidence in support of the Claim and has concluded that the Claim is valid and should be allowed in the amount of $376,781.02. In order to bring finality as to the Claim for purposes of providing clarity as to the administration of the estate, the Trustee brings this application.

Cilwa, through counsel, objected to the Application for Settlement and filed a second objection to the Claim, both of which again stated that Cilwa disputed the validity of the Claim.[8]

After a contested hearing on the Application for Settlement and Cilwa's objection thereto—which Cilwa did not personally attend—the Court entered an Order on November 18, 2015, addressing Cilwa's challenge to the validity of the Claim.[9] The Court found as a fact that

---

[6] The recording of the July 7, 2015 hearing reflects that the Court stated its intention to enter an order overruling Cilwa's first objection to the Claim and indicated that an order would be forthcoming from chambers. (ECF No. 85). However, the Court inadvertently failed to enter an order until November 10, 2015. (ECF No. 166).
[7] ECF No. 139.
[8] ECF Nos. 147 & 148, filed Oct. 26, 2015.
[9] ECF No. 173.

2

Kriegman presented *prima facie* evidence of the validity and amount of the Claim pursuant to Fed. R. Bankr. P. 3001(f) and:

> Kriegman's pleadings, Cilwa's bankruptcy filings, and the documents filed by Kriegman in support of the Application include ample information about the history of the relationship between Cilwa and Kriegman and the basis for Kriegman's proof of claim in this case. Most of the foregoing facts are found in filings from other courts and Cilwa has not disputed the existence or authenticity of those filings.

The Court further found that Cilwa's objection to the Application for Settlement and second objection to the Claim were deficient in fact and legal theory and failed to provide any supporting facts or law to call into question the validity or amount of the Claim. No appeal was filed challenging these findings.

Despite these findings and Cilwa's failure to attend the hearing to support his opposition to the Application for Settlement, the Court gave Cilwa a third opportunity to properly dispute the Claim. In the November 18, 2015 Order, the Court ordered Cilwa to give Kriegman adequate notice of the grounds for his objection to the Claim and specifically stated,

> Cilwa **shall** file a Statement of Dispute in the form attached hereto [a form was attached], on or before **noon on November 30, 2015**, in support of his Objection to Claim of Bruce Kriegman. Failure to fully complete the Statement of Dispute in good faith and to timely file it shall result in an order from the Court overruling the Claim Objection and allowing the Claim as filed[.]

(emphasis in original). Due notice of the November 18, 2015 Order was given and Cilwa did not request an extension of time to file the Statement of Dispute from the Court at any time.

Cilwa failed to comply with the November 18, 2015 Order and, more importantly, failed for a *third* time to timely and properly support his objection to the Claim with sufficient legal support and factual allegations. An Order Overruling Objection to Claim was entered on December 1, 2015, allowing the Claim as filed. Due notice of this Order was given and there was

no appeal.[10] After the Order Overruling Objection to Claim was entered on the public docket, Cilwa's counsel filed a Statement of Dispute, more than twenty-four hours after the deadline.[11]

No further pleadings were filed until more than two months later when Cooper filed a Motion to Withdraw as counsel. The instant Motion, filed *pro se*, followed one week later, asking the Court to reconsider or vacate the December 1, 2015 Order Overruling Objection to Claim and seeking additional time to object to the Claim. Cilwa's Motion states the objection to Claim was overruled because his attorney failed to timely respond to the November 18, 2015 Order that directed Cilwa to file a Statement of Dispute and that he should be granted relief from the "default" order.[12] Cilwa failed to serve the Motion on counsel for Kriegman.

### DISCUSSION AND CONCLUSIONS OF LAW

#### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

#### II. *PRO SE* LITIGANTS

*Pro se* pleadings are to be construed liberally by the courts and are held to less stringent standards than pleadings drafted by lawyers; however, the grant of leniency is not without its limitations. *In re Loy*, 448 B.R. 420, 437 (Bankr. E.D. Va. 2011). "In order to promote efficiency and preserve the integrity of the system, courts may not allow *pro se* litigants to deviate completely

---

[10] ECF No. 175.
[11] ECF No. 176, filed Dec. 1, 2015, at 2:37 p.m.
[12] Cilwa also references that his attorney's failure to timely respond to the November 18, 2015 Order is in violation of his Seventh Amendment rights, but does not further elaborate or offer any facts or authorities to explain this statement. No jury issues have been raised in this Chapter 7 case. Cilwa is also a defendant in an adversary proceeding initiated by the Chapter 7 trustee, who seeks recovery from Cilwa and his son to satisfy the Claim against the bankruptcy estate. *Fort v. Cilwa, et al.*, C/A No. 15-00263-hb, Adv. No. 15-80172-hb (Bankr. D.S.C. Sept. 14, 2015). No jury trial is demanded in that proceeding nor is any present in any pleading before the Court in this bankruptcy case.

4

from the rules of procedure or court-imposed deadlines." *Id.* "The Court must also consistently and fairly apply the Court's rules to all parties, whether they are *pro se* or represented by counsel." *In re McCain*, 353 B.R. 452, 452 (Bankr. E.D. Va. 2006). If a party decides to appear *pro se*, he has the responsibility to educate himself about the rules and requirements of the court. *Id.*

Cilwa was represented by counsel from July 20, 2015, through the date this Motion was filed. During that time, he had ample opportunity to properly challenge the Claim or the Court's orders in a timely fashion. The Court has provided Cilwa and his counsel several opportunities to properly support his objection to the Claim and Cilwa has failed to follow through. No additional leniency is due to Cilwa as a result of his current *pro se* status for events that occurred while he was represented by counsel.

### III.     MOTION TO RECONSIDER ORDER OVERRULING CLAIM OBJECTION

Section 502(j) of the Bankruptcy Code provides that a claim that has been allowed or disallowed may be reconsidered for cause according to the equities of the case. 11 U.S.C. § 502(j).[13] The decision to reconsider a claim is within the Court's discretion. *In re Jenkins*, C/A No. 08-00905-jw, slip op. (Bankr. D.S.C. Aug. 25, 2008); *see also* Fed. R. Bankr. P. 3008, Advisory Committee Note (1983) ("Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court.").

Rule 3008 of the Federal Rules of Bankruptcy Procedure provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008. However, "[t]he court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant." Fed. R. Bankr. P. 3008, Advisory

---

[13] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

Committee Note (1983); *see also McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir. 1983) (noting that a bankruptcy court is not required to hold a hearing before deciding a motion to reconsider an order allowing or disallowing a proof of claim); *In re W. F. Hurley, Inc.*, 612 F.2d 392, 395 (8th Cir. 1980) (finding that the court may decline to reconsider an order without affording a hearing to the movant) (citing 12 *Collier on Bankruptcy* ¶ 307.02 (14th ed. 1976)); *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987).[14]  Therefore, a hearing is necessary only *if* the Court determines reconsideration of the claim is warranted.

"Before, the court evaluates whether 'the equities of the case' warrant allowing or disallowing a claim . . . it first must find that there is 'cause' to reconsider the claim[.]" *In re Morningstar*, 433 B.R. 714, 717 (Bankr. N.D. Ind. 2010); *see also In re Starlight Grp., LLC*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014) (noting that reconsideration under § 502(j) is a two-step process).  "The burden of showing that there is cause for reconsideration is on the movant." *Starlight*, 515 B.R. at 293; *Morningstar*, 433 B.R. at 717.

Section 502(j) does not define "cause" for reconsideration of a claim.  Instead, the Court looks to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure. *See Starlight*, 515 B.R. at 293; *Matter of Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988).  Rules 59 and 60 of the Federal Rules of Civil Procedure govern when a court should grant a new trial or amend a judgment and when relief from a judgment or order should be allowed, respectively.  If a party meets the requirements of these rules, then it will have established "cause" to reconsider the claim.

If a motion under Rule 3008 is filed within the fourteen-day deadline to appeal the order allowing or disallowing the claim, the Court considers it a motion for a new trial or to alter or

---

[14] The Motion states that no hearing is requested.

6

amend the judgment pursuant to Rule 59. *Starlight*, 515 B.R. at 293. If reconsideration of the claim order is sought after expiration of the fourteen-day appeal period, the court considers the Rule 3008 motion a motion for relief from a judgment or order under to Rule 60(b). *Id.*; *see also In re Cooper*, C/A No. 06-1183-jw, slip op. (Bankr. D.S.C. Aug. 27, 2007) (applying Fed. R. Civ. P. 60 to a motion to reconsider claim objection brought nearly four months after the order was entered). Due to the lapse of over two months from the Order Overruling Objection to Claim to Cilwa's instant Motion seeking reconsideration, the Court must analyze the Motion pursuant to the requirements of Rule 60(b).

### IV. RULE 60(B) REQUIREMENTS

"It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Consequently, a motion under Rule 60(b) proceeds in two parts. First, the movant must make a threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Id.* (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Then, if those threshold requirements are met, the movant must satisfy one of the six grounds for relief under Rule 60(b).[15] *Id.*

---

[15] The rule provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

7

  a. EXCEPTIONAL CIRCUMSTANCES

Cilwa's Motion states that the Order Overruling Objection to Claim was entered as a result of his attorney's failure to timely file a Statement of Dispute pursuant to the Court's November 18, 2015 Order. The Motion does not state any reason for the failure or whether Cilwa was responsible in any way. "[A]n attorney's mistake or omission and failure to follow rules and deadlines are not the basis for relieving a party from a final judgment or order." *Tucker v. Banknorth, NA*, 333 F. Supp. 2d 50, 55 (E.D.N.Y. 2004) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)); *see also Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975) ("Ignorance or carelessness of an attorney is generally not cognizable under Fed. R. Civ. P. 60(b)"). Therefore, the "cause" set forth in Cilwa's Motion does not constitute exceptional circumstances and does not meet the threshold requirements for reconsideration under Rule 60(b).

  b. MERITORIOUS DEFENSE

Despite multiple opportunities, Cilwa has not shown a meritorious defense in the underlying action—the objection to the Claim—by properly supporting his objection with sufficient legal and factual allegations.[16] In contrast, as the Court found in the November 18, 2015 Order, the record contains ample support for the allowance of the claim.

  c. TIMELINESS & UNFAIR PREJUDICE TO THE OPPOSING PARTY

Motions under Rule 60(b) must be brought within a reasonable time. This Motion was filed over two months after the Order allowing the Claim was entered. Although Cilwa was represented by counsel, no timely appeal of the Order was filed and no reason has been provided for the failure to address any issues with the Court's ruling at an earlier date. The case and the

---

[16] If appropriately considered here, a review of the untimely filed Statement of Dispute indicates only legal theories and unsupported protests and assertions, including issues already determined by the bankruptcy court presiding over the LLS America case and stayed action brought by Kriegman against Cilwa. (ECF No. 176).

parties involved have moved forward in reliance on this Order, including pursuit of recovery for the estate in the related adversary proceeding to pay the Claim.[17] From this record, the Court cannot find that the Motion was filed within a reasonable time or that there will be no unfair prejudice to the opposing party.

Based on the foregoing, Cilwa has failed to provide sufficient grounds for relief under Rule 60(b) to establish cause to reconsider the Order Overruling Objection to Claim.

**IT IS, THEREFORE, ORDERED** that Cilwa's Motion requesting the Court reconsider or vacate the Order Overruling Objection to Claim is **DENIED**.

**FILED BY THE COURT**
**03/02/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 03/02/2016

---

[17] *Fort v. Cilwa, et al.*, Adv. No. 15-80172-hb.