**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Anthony J Cilwa,<br><br>          Debtor(s). | C/A No. 15-00263-HB<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO CONVERT FROM CHAPTER 7 TO CHAPTER 13** |

**THIS MATTER** came before the Court for consideration of Debtor Anthony J. Cilwa's ("Cilwa") *Motion to Convert from Chapter 7 to Chapter 13* ("Motion to Convert").[1] After a review of the record in this case, the Court scheduled a hearing and gave due notice.[2] Detailed objections to the Motion to Convert were filed by John K. Fort, Chapter 7 Trustee ("Trustee"), and creditor Bruce P. Kriegman ("Kriegman").[3] For the reasons set forth below, the Motion to Convert is denied.

### FACTS AND PROCEDURAL HISTORY

**I.    CILWA'S BANKRUPTCY CASE**

Cilwa, represented by counsel Adrienne Turner, filed a voluntary petition for Chapter 7 relief along with schedules and statements ("Original Schedules") on January 18, 2015.[4] Cilwa's Original Schedules indicated monthly income of $1,828.00, derived mostly from Social Security, and monthly expenses of $1,891.00, resulting in a negative net monthly income. On March 4, 2015, Cilwa filed amendments to his schedules and statements ("Amended Schedules")[5] disclosing that he transferred unidentified assets into

---

[1] ECF No. 189, filed Mar. 17, 2016.
[2] ECF No. 190.
[3] ECF Nos. 192 & 193. Kriegman is a claimant solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC.
[4] ECF No. 1.
[5] ECF No. 17.

a trust on March 21, 2013, and has a life estate interest in real property located in Anderson County, South Carolina.

On June 23, 2015, the Court entered an order granting Turner's "Agreed Motion to Withdraw as Counsel."[6]  On June 24, 2015, Cilwa, *pro se*, was examined pursuant to Fed. R. Bankr. P. 2004.  On July 16, 2015, Adversary Proceeding No. 15-80148-hb was filed by the United States Trustee, seeking denial of Cilwa's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (2)(A) and (B).[7]  The complaint alleged that Cilwa failed to disclose in his schedules and statements all of his assets and interests and relevant pre-petition transfers.  The complaint further alleged that Cilwa sold property of the estate after he filed for bankruptcy relief and used part of the funds to purchase a residence in Florida, then deeded the Florida property to his son and retained a life estate.  The complaint alleges that Cilwa also sold his car and his interest in a boat post-petition.  On July 20, 2015, attorney Robert H. Cooper filed notice that he represented Cilwa.

On July 23, 2015, the Court entered an order sustaining Kriegman's objection to Cilwa's exemptions.[8]  The Court received sufficient evidence in support of Kriegman's objection to find that Cilwa failed to sufficiently schedule his assets, acted in bath faith, and had unclean hands related to his filing of a claim of exemptions.  As a result, Cilwa's exemptions were denied in their entirety.

On October 27, 2015, the Court entered an order approving Cilwa's waiver of discharge pursuant to § 727(a)(10), ending the adversary proceeding.

---

[6] ECF No. 72.
[7] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.
[8] ECF No. 106.

On December 1, 2015, the Court overruled Cilwa's objection to the only claim filed in this case and allowed the claim as filed.[9] Kriegman filed an unsecured claim in the amount of $376,781.02, arising from a lawsuit concerning Cilwa's alleged involvement in a Ponzi Scheme. The Court found as a fact that Kriegman presented *prima facie* evidence of the validity and amount of the claim pursuant to Fed. R. Bankr. P. 3001(f) and ample information about the history of the relationship between Kriegman and Cilwa and the basis for Kriegman's claim. This order also found that Cilwa's objections to Kriegman's claim were deficient in fact and legal theory and failed to provide any supporting facts or law to call into question the validity or amount of Kriegman's claim. A subsequent order from this Court acknowledged these findings when denying Cilwa's motion to reconsider or vacate the prior order allowing Kriegman's proof of claim.[10]

## II. THE CHAPTER 7 TRUSTEE'S ADVERSARY PROCEEDING

On September 14, 2015, Trustee filed an adversary proceeding naming Cilwa and his adult son, Christopher Cilwa ("Christopher") as Defendants. Trustee seeks recovery of property for the benefit of creditors pursuant to §§ 542 and 549. Trustee alleges that after Cilwa filed his bankruptcy petition and without Court authorization, Cilwa sold property of the estate and used the proceeds therefrom to purchase property in Florida, which Cilwa later transferred to Christopher.

---

[9] ECF No. 175.
[10] ECF No. 185, entered Mar. 2, 2016. On March 7, 2016, Cilwa filed on the docket of a related adversary proceeding a notice of appeal of the order denying Cilwa's motion to reconsider or vacate the order allowing Kriegman's claim. (ECF No. 57, Adv. Pro. 15-80172-hb). This appeal is pending in the District Court. *Cilwa v. Fort*, C/A No. 8:16-mc-00074-TMC-JDA. On March 30, 2016, the District Court entered an order requiring Cilwa to file a memorandum by April 19, 2016 to show cause why the Court should not deny his motion to file an appeal. At a March 29, 2016, hearing on a motion filed in a related adversary proceeding, Cilwa stated that he was no longer pursuing this appeal.

### III. CILWA'S MOTION TO CONVERT

This is Cilwa's third Motion to Convert from Chapter 7 to Chapter 13. The first motion, filed *pro se* on May 28, 2015, was withdrawn by Cilwa at the June 23, 2015 hearing on that matter. The second motion, filed *pro se* six (6) days later, was withdrawn by Cooper. Thereafter, Cooper was allowed to withdraw as counsel on March 1, 2016.[11]

Cilwa filed this third Motion to Convert, *pro se*, on March 17, 2016. Cilwa states the following as grounds for conversion of his case to Chapter 13:

> The two Trustees [Fort and Kriegman] in this case have agreed among themselves that I owe over 300,000 which is rediculious [sic] attempt [sic] to block me from changing to chapter 13 and an attempt for the two Trustees to make a huge payday. However there is no proof that I ever received the amount that they are talking about. Also, there are over 200 defendants in the case in Washington state and the ones that went to trial were allowed to deduct the money that they put in. I have proof of the real amount.

A hearing was scheduled for April 12, 2016 and due notice was given. Trustee and Kriegman's timely objections assert Cilwa does not qualify as a Chapter 13 debtor because he committed bad faith acts during his Chapter 7 case by failing to disclose all of his assets, transferring estate property post-petition without the requisite authorization, frustrating Trustee's attempts to liquidate the estate's assets, and continually depleting assets of the estate. Kriegman also contends that Cilwa does not have sufficient income to fund a Chapter 13 plan.

The day before the hearing, Cilwa filed a *Motion to Withdraw My Motion to Convert the Above Noted Bankruptcy Case from Chapter 7 to Chapter 13 Scheduled for 4/12/2016* stating: "The fact that there are no longer any creditors to whom I would have

---

[11] ECF No. 184

4

to pay in chapter 13 makes this motion moot. However, if the situation should change I would like to reserve the option to file this motion at a later date."

A hearing was held on April 12, 2016. Present at the hearing were Jim Cassidy, counsel for the Trustee, and Ashley Wright, counsel for Kriegman. Cilwa did not attend.[12]

### DISCUSSION AND CONCLUSIONS OF LAW

Section 706(a) of the Bankruptcy Code allows a debtor to convert from Chapter 7 to Chapter 13 at any time if the debtor's case was not previously converted under 1307. 11 U.S.C. § 706(a). However, in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 125 S. Ct. 1105, 166 L. Ed.2d 956 (2007), the Supreme Court held that a Chapter 7 debtor does not have an absolute right to convert to Chapter 13. Rather, a Chapter 7 debtor's "right" to convert to Chapter 13 is limited by § 706(d), which provides "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." The *Marrama* Court determined "[t]here are at least two possible reasons why [a Chapter 7 debtor] may not qualify as [a Chapter 13] debtor, one arising under § 109(e) of the Code, and the other turning on the construction of the word 'cause' in § 1307(c)." 549 U.S. at 372, 127 S. Ct. at 1110.

> The burden of proof on the motion to convert is on the debtor. The debtor must first make a *prima facie* case for conversion (showing that there has been no prior conversion of the case, that the debtor is eligible for relief under § 109, and that conversion is to achieve a purpose permitted under the proposed Chapter). The burden of coming forward with evidence then shifts to the objecting parties to show that the debtor is not eligible for relief under *Marrama*.

*In re Broad Creek Edgewater, LP*, 371 B.R. 752, 757 (Bankr. D.S.C. 2007).

---

[12] Cilwa was present at a hearing held in a related adversary proceeding on March 29, 2016. His comments at that hearing confirmed he was aware of the April 12, 2016 hearing date.

I. **CILWA HAS FAILED TO SHOW HE MEETS THE REQUIREMENTS OF § 109(E)**

"The purpose of Chapter 13 is to enable debtors 'under court supervision, and protection, to develop and perform under a plan for the repayment of his debts over an extended period of time.'" *In re Bridges*, 326 B.R. 345, 352 (Bankr. D.S.C. 2005) (quoting *Deans v. O'Donnell*, 692 F.2d 968, 971 (4th Cir. 1982)). In order to fulfill this purpose, § 109(e) requires that "[o]nly an individual with regular income . . . may be a debtor under chapter 13 of this title." The term "individual with regular income" means an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title . . ." 11 U.S.C. § 101(30). Further, in order for a Chapter 13 plan to be confirmed:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

11 U.S.C. § 1325(a)(4).

Cilwa did not attend the hearing or provide any information about his ability to propose and fund a plan and the record indicates that Cilwa's expenses exceed his monthly income. Cilwa has not demonstrated that the requested conversion is to achieve a purpose permitted under Chapter 13 and, in fact, has shown *no* purpose for conversion to Chapter 13. Cilwa's exemptions have been denied and, based on the allegations of Trustee's adversary proceeding, there is substantial, non-exempt equity in estate property. The record in this case recognizes a substantial claim in favor of Kriegman and no indication that Cilwa can satisfy his obligations under § 1325(a)(4). Therefore, the Motion to Convert must be denied.

6

## II. CILWA'S MOTION MUST BE DENIED DUE TO A RECORD OF BAD FAITH

Section 1307(c) provides that a Chapter 13 case may be dismissed or converted to Chapter 7 "for cause," and provides a nonexclusive list of ten (10) causes justifying conversion or dismissal. 11 U.S.C. § 1307(c). Although none of the enumerated reasons in § 1307(c) include bad faith conduct, the Supreme Court found:

> Bankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause." In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of "'honest but unfortunate debtor[s]'" that the bankruptcy laws were enacted to protect.

*Marrama*, 549 U.S. at 373-74, 127 S. Ct. at 1111 (internal citations omitted).

"The [*Marrama*] Court specifically included 'fraudulent acts committed in an earlier Chapter 7 proceeding' within the scope of 'prepetition bad-faith conduct' disqualifying a debtor from eligibility under Chapter 13." *In re Gabriel*, 390 B.R. 816, 819 (Bankr. D.S.C. 2008). Accordingly, a Chapter 7 debtor does not have a right to convert to Chapter 13 if he or she has engaged in bad faith prepetition conduct, or bad faith conduct during the Chapter 7 proceeding, sufficient to establish "cause" that would ultimately warrant dismissal or reconversion of a Chapter 13 case.

The evidence before the Court establishes that Cilwa engaged in bad faith conduct during the pendency of his Chapter 7 proceeding and he is not the typical "honest but unfortunate" debtor. Rather, Cilwa has failed to disclose all of his assets on his schedules, was denied his claim to exemptions, has engaged in multiple post-petition transfers without the requisite authorization, has failed to cooperate with the Trustee, has depleted assets of the estate to the detriment of creditors, and has waived his discharge. *See id.* at 821

7

(denying the debtor's motion to convert to Chapter 13 because she did not honestly disclose her assets at the time of filing, spent money that was property of the estate, failed to cooperate with trustee, and consented to a denial of discharge on grounds that were anchored firmly in her fraudulent post-petition conduct).

Cilwa's Chapter 7 case has been pending for over one year. Trustee has expended great effort in uncovering assets of the estate to distribute to creditors, and any attempt to convert to Chapter 13 at this point is untimely and would be prejudicial to creditors. Cilwa has sought conversion to Chapter 13 numerous times, only to withdraw the motion in the eleventh hour. These efforts appear designed to evade the operation of the Chapter 7 case and the liquidation of his assets. For these reasons, the Motion to Convert must be denied.

**IT IS, THEREFORE, ORDERED** that Cilwa's Motion to Convert is denied.

**FILED BY THE COURT**
**04/13/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 04/14/2016